FORM 104 (10/06)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| **PLAINTIFFS** <br> KIMBERLY NADEAU | **DEFENDANTS** <br> ROBERT M.A. NADEAU |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> SUSAN M. SCHULTZ, BAR NO. 7207 <br> PO BOX 4801, PORTLAND, ME 04112; 207-772-8373 | **ATTORNEYS** (If Known) <br><br> NONE KNOWN |
| **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT PER 11 USC SEC. 523(a)(5) & SEC. 523(a)(15)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☒ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☒ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – reinstatement of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

FORM 104 (10/06), Page 2

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR<br>ROBERT M.A. NADEAU | | BANKRUPTCY CASE NO.<br>07-20808 |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING<br>DISTRICT OF MAINE | DIVISIONAL OFFICE<br>PORTLAND, MAINE | NAME OF JUDGE    HONORABLE<br>JAMES B. HAINES, JR., |

## RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*Susan M Schultz* | |
|---|---|
| DATE<br>12/4/07 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Susan M. Schultz |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: **Robert M.A. Nadeau** ) | | CHAPTER 7 |
| ) | | |
| ) | | CASE NO. 07-20808 |
| ) | | |
| Debtor ) | | |

| | | |
|---|---|---|
| **Kimberly Nadeau,** ) | | |
| ) | | ADVERSARY PROCEEDING NO. |
| Plaintiff ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| **Robert M.A. Nadeau,** ) | | |
| Defendant ) | | |

# COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT
## UNDER 11 U.S.C. §§ 523(a) (5) AND 523 (a) (15)

*NOW COMES* Plaintiff, Kimberly Nadeau, a creditor and former spouse of the Debtor (final divorce judgment of the parties previously issued by Maine District Court, and currently the subject of an appeal filed by Debtor now pending before the Law Court), and complains against the Debtor as follows:

### *Jurisdiction and Venue*

1. This is an adversary proceeding pursuant to Bankruptcy Rule 7001 et. seq. and §§ 523 (a) (5) and (15) of Title 11 of the United States Bankruptcy Code.

1

2. Jurisdiction is conferred upon the United States Bankruptcy Court for the District of Maine pursuant to 28 U.S.C. §1334. The venue is properly in this Court pursuant to 28 U.S.C. §1409 (a) as this bankruptcy case is pending in this District.

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. §157 (b) (2) (I).

### *Parties and Background*

4. Defendant is the Debtor, having filed a voluntary petition for the commencement of a case under Chapter 7 of the United States Bankruptcy Code.

5. Plaintiff was married to the Debtor on October 11, 1982.

6. After a lengthy contested divorce trial, on July 13, 2007 Judge Joseph H. Field issued a final Divorce Judgment (hereinafter "Divorce Judgment") in the matter of Kimberly J. Nadeau v. Robert A. Nadeau, Ninth District Court, Division of Southern Cumberland, Portland, Maine, Docket No. WES.FM-055-280. See a true and correct copy of the **Divorce Judgment** dated July 17, 2007 attached hereto as **Exhibit "A"** and incorporated herein by reference.

7. The Divorce Judgment is the subject of an appeal filed by Defendant/Debtor, Robert M.A. Nadeau, and is currently pending before the Law Court.

8. At the time of the divorce proceeding, Debtor was employed as the Probate Judge of the York County District Court, York, Maine, and also owned and operated a private practice law firm entitled Nadeau & Associates, P.A. Plaintiff was employed at Mercy Hospital. In the final Divorce Judgment, the Court found the Debtor to have an annual earning capacity of approximately $200,000, and found Plaintiff to have an annual earning capacity of $34,000.

9. The Divorce Judgment, and incorporated Child Support Order and Worksheets, order the Debtor to pay Plaintiff weekly child support in the amount of $552.37, retroactive to June 10, 2005.

10. The Divorce Judgment also found the Debtor to be in arrears for unpaid child support owed to Plaintiff as of the date of the Divorce Judgment in the amount of $40,537, and orders the Debtor to pay said arrearage amount to Plaintiff in 12 equal monthly installments with the first payment due within fifteen days of the date of the Divorce Judgment.

11. Further, the Divorce Judgment orders the Debtor to maintain a life insurance policy on his own life in the minimum amount of $100,000 until his child support obligation expires for the parties' youngest child and that the Debtor is required to name Plaintiff as the beneficiary of said life insurance policy as the trustee for the parties' minor children for whom the Debtor's child support obligation exists.

12. The Divorce Judgment also orders the Debtor to pay monthly spousal support to Plaintiff in the amount of $3,000 per month until Plaintiff attains the age of 65 years.

13. As part of the Divorce Judgment the Debtor was also found to have underpaid spousal support to Plaintiff during the pendency of the divorce litigation in the net amount of $60,543 as of the date of the Divorce Judgment, and ordered than a lien in that amount be placed upon real property identified as 64 Elinor Lane and 65 Harraseckett Road.

14. The Divorce Judgment orders the sale of the real estate situated at 65 Harraseckett Road, in the town of Wells, County of York, Maine, and provides that any net profit is set aside to the Debtor and any deficiency that may result from said sale is set aside to the Debtor as his sole responsibility from which he is to hold Plaintiff harmless therefrom. The Divorce Judgment also sets aside to the Debtor the real estate situated at 64 Elinor Lane, in the Town of

Wells, County of York, and provides that the Debtor is ordered to be solely responsible for any debts and expenses associated therewith and hold Plaintiff harmless therefrom.

15. The Divorce Judgment further orders the Debtor, Robert M.A. Nadeau, to pay to the law firm of Givertz, Hambley, Scheffee and Lavoie, PA, the sum of $50,000 as and for counsel fees and costs incurred by Plaintiff as a result of the divorce litigation action, which award to Plaintiff was in the nature of spousal support and/or property settlement incurred by the Debtor in the course of the parties' separate divorce judgment.

16. The Debtor has failed to make any payments to Givertz, Hambley, Scheffee & Lavoie, PA toward this debt.

### *COUNT I*

17. Plaintiff reasserts and realleges the allegations contained in Paragraphs 1-16 above as if fully set forth at length herein.

18. The obligations set forth in Paragraphs 9 through 15 of this Complaint were intended to be in the nature of alimony or spousal support and are nondischargeable pursuant to 11 U.S.C §523(a) (5); or, are obligations in the nature of property settlement and incurred by the Debtor in the course of a divorce or separation agreement or decree and order of a court record, determination made in accordance with the laws of the State of Maine and are non-dischargeable under 11 U.S.C. §523 (A) (15).

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court determine that the obligations are in the nature of alimony or spousal support and are non-dischargeable pursuant to 11 U.S.C. §523 (A) (5); or, are in the nature of property settlement and incurred by the Debtor in the course of a divorce or separation agreement or decree and order of a court

4

record, determination made in accordance with the laws of the State of Maine and are non-dischargeable under 11 U.S.C. §523 (A) (15), and for such other and further relief as the Court may deem just.

DATED this 4th day of December, 2007.

*[signature]*
Susan M. Schultz, Bar No. 7207
*Attorney for Plaintiff, Kimberly Nadeau*

**GIVERTZ, HAMBLEY, SCHEFFEE & LAVOIE, P.A.**
215 Commercial Street, 3rd Floor
P.O. Box 4801
Portland, ME 04112-4801
(207) 772-8373
(207)772-4976 *fax*

## CERTIFICATE OF SERVICE

I, Susan M. Schultz, attorney for Plaintiff, hereby certify that I caused a true and correct copy of the above and foregoing instrument to be served upon the below by mailing a conformed copy via U.S. First Class mail, postage thereon prepaid, as follows:

Robert M.A. Nadeau, Esquire
Nadeau & Associates, PA
1332 Post road, Suite 4A
Wells, ME 04090
*Debtor*

John C. Turner, *Trustee*
J.C. Turner & Associates
P.O. Box 1897
Auburn, ME 04211-1897

on this 4th day of December, 2007.

*[signature]*
Susan M. Schultz, Bar No. 7207
*Attorney for Plaintiff, Kimberly Nadeau*

5